# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>                                  *Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.E.<br>Washington, D.C. 20530<br><br>                                  *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 24-cv-958<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to Special Counsel Robert K. Hur's *Report on the Investigation Into Unauthorized Removal, Retention, and Disclosure of Classified Documents Discovered at Locations Including the Penn Biden Center and the Delaware Private Residence of President Joseph. R. Biden, Jr.* (Feb. 2024) ("Hur Report") (Ex. 1).  *See* Plaintiffs' FOIA Request, FOIA-2024-01120 (Feb. 12, 2024) ("Request" or "Plaintiffs' FOIA Request") (Ex. 2).

1

Specifically, the Request sought: "All recordings, in any format whatsoever, of the interview of Mark Zwonitzer [("Zwonitzer")] referenced in Special Counsel Robert K. Hur's Report . . . ." Request at 1.  Zwonitzer was the "ghostwriter" of President Biden's memoir from his time as Vice President.  *See* Hur Report at 57.  Zwonitzer is repeatedly referenced throughout the Hur Report.

2.      The Hur Report's analysis of whether President Biden should have been charged for disclosing classified material to Zwonitzer as part of the "ghostwriting" process, has been front and center in the public debate.  Some say the information being withheld will show that the Hur Report pulled its punches.  Others say the information will demonstrate the Hur Report's criticisms of President Biden are not supported by the record.  This action is not about the merits of this dispute; it is simply about providing transparency for the American people so they can answer these questions for themselves.

3.      Despite Congress issuing a subpoena and a contempt threat as part of their impeachment inquiry into President Biden, they have been unable—to date—to obtain the very material sought by the Request.  Thus, this action may be the only avenue for the American people to obtain this critical information prior to:  (1) the House of Representatives concluding its impeachment inquiry into President Biden; and (2) the 2024 General Election.

**PARTIES**

4.      Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last

visited Apr. 3, 2024).   Heritage is a not-for-profit section 501(c)(3) organization which

engages in substantial dissemination of information to the public.   Heritage operates a national

news outlet, *The Daily Signal*.

5.      Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is

an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining

information via FOIA requests and other means in order to best inform the public and

Congress for the purposes of Congressional oversight.  "The requests and analyses of

information are informed by Heritage's deep policy expertise.  By its nature, the Oversight

Project is primarily engaged in disseminating information to the public."  Oversight Project,

*found at* https://www.heritage.org/oversight (last visited Apr. 3, 2024); Oversight Project

(@OversightPR), X (last visited Apr. 3, 2024), https://twitter.com/OversightPR.  Staff for the

Oversight Project routinely appear on television, radio, print, and other forms of media to

provide expert commentary on salient issues in the national debate.

6.      Defendant DOJ is a federal agency of the United States within the meaning of

5 U.S.C. § 552(f)(1) whose mission statement is to "uphold the rule of law, to keep our

country safe, and to protect civil rights."  About DOJ; Our Mission, *found at*

https://www.justice.gov/about#:~:text=The%20mission%20of%20the%20Department,and%2

0to %20protect%20civil%20rights (last visited Apr. 3, 2024).

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because

this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the

resolution of disputes under FOIA presents a federal question.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because

Defendant DOJ's principal place of business is in the District of Columbia.

## BACKGROUND

9.      The Hur Report was, and continues to be, the subject of widespread media and high-level governmental attention.   A good deal of this interest focused and focuses on the Hur Report's discussion of whether President Biden committed a criminal offense by sharing classified information with Zwonitzer while writing a memoir for private commercial gain. There  is also considerable and vigorous debate in the press, amongst Members of Congress, and between the Legislative and Executive Branches concerning the Hur Report  Again, a good deal of that debate focused and continues to focus on President Biden's possible criminal and political culpability.  The release of the Report almost immediately generated intense Congressional interest and oversight.

10.      On February 12, 2024, House Oversight and Accountability Committee Chairman James Comer and House Judiciary Committee Chairman Jim Jordan sent a letter to Attorney General Merrick Garland with a voluntary request for information related to the Hur Report that the Department had previously stonewalled.  *See* Appendix B.

11.      Following the Department's disregard for the voluntary request, on February 27, 2024, House Chairmen Comer and Jordan subpoenaed Attorney General Garland for the outstanding records.  *See* Letter from Rep. James Comer, Chairman, H. Comm. on Oversight & Accountability, et al., to Att'y Gen. Merrick B. Garland, U.S. Dep't of Justice (Feb. 27, 2024) (Ex. 3).  This subpoena was returnable on March 7, 2024.  *Id.*

12.      On March 9, the Chairmen transmitted another letter to Attorney General Garland notifying him that his initial production was inadequate.  *See* Letter from Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, and Rep. James Comer, Chairman, H. Comm. on

Oversight & Accountability, to Hon. Merrick B. Garland, Att'y Gen., U.S. Dep't of Justice, at 1

(Mar. 25, 2024) ("Contempt Letter") (Ex. 4).  Because Special Counsel Hur was testifying on

March 12, the Chairman directed complete production by March 11 at 3:00 p.m.  *Id.* at 1.

13.     Special Counsel Hur testified about the Hur Report before the House Judiciary

Committee at 10:00 am on March 12, 2024.  Only hours before this hearing, the Department

released a heavily redacted version of the Special Counsel's interview of President Biden.  *See*

Transcript of Special Counsel Robert K. Hur's interview of President Biden (Feb. 2024)

(Ex. 5).  The Department did not produce or otherwise release the recording of the Zwonitzer

interview.

14.     In light of the Department's non-compliance with the subpoena, Chairmen

Comer and Jordan sent a letter to Attorney General Garland demanding disclosure of "the

audio recordings of Special Counsel Hur's interviews with President Biden and the transcript

and audio recordings of Special Counsel Hur's interviews with Mr. Zwonitzer[,]" and

threatening an "invocation of contempt of Congress proceedings" for non-compliance.

Contempt Letter at 2.  The Contempt Letter also indicated that it appears that the transcripts of

the Special Counsel's interview with President Biden were allegedly distributed to several

outlets *before* they were produced to Congress.  *Id.*  The Contempt Letter highlights

Congress's specific and narrow request and sets forth the lengthy record of the Department's

default and lack of cooperation.  *Id.*

15.     All of the foregoing occurred in the context of an impeachment inquiry into

President Biden that may be drawing to a close.  *See* H.R. Res. 918, 118th Cong. (2023)

(authorizing inquiry).

## PLAINTIFFS' FOIA REQUEST

16.     Plaintiffs submitted the Request on February 12, 2024.

17.     The Request sought: "All recordings, in any format whatsoever, of the interview of Mark Zwonitzer referenced in Special Counsel Robert K. Hur's Report".  Report at 1.

18.     The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for, *inter alia*, use by authors of its publication, *The Daily Signal*, which is a major news outlet.  *Id*. at 3–4.

19.     The Request also sought production of records in partial responses as soon as they became available.  *Id*. at 3.

## THE REQUEST FOR EXPEDITED PROCESSING

20.     Plaintiffs filed an Expedited Processing Application on February 22, 2024, seeking expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv), because the Report, and at a more granular level, its statements about President Biden's mental faculties and memory, are "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence."  *See* Expedited Processing Application at 1 (Ex. 6).  The factual and legal basis for the Application was explained in a detailed submission.

21.     The Application attached two appendices totaling 1,803 pages that included an oversight request from three House Committee Chairmen and media reports.  The foregoing coverage was "widespread and exceptional" and surfaces "questions about the Government's integrity that affect public confidence."  28 C.F.R. § 16.5(e)(1)(iv).

22.     In a letter dated February 26, 2024, the Department granted Plaintiffs' Request for Expedited Processing.  *See* Letter from Douglas R. Hubbard to Mike Howell, at 1 (Feb. 26, 2024) (Ex. 7) ("EP Letter").  The EP Letter noted, "[a]lthough your request has been granted expedited processing, we are required to advise you that the records you seek require search in and/or consultation with another Office, and so your request falls within 'unusual circumstances.'  *See* 5 U.S.C. § 552 (a)(6)(B)(i)–(iii) (2012 & Supp. V 2017).  Accordingly, we have not yet completed a search to determine whether there are records within the scope of your request."  *Id*.

## DEFENDANT'S CONSTRUCTIVE DENIAL

23.     According to DOJ's FOIA Tracking System, DOJ received the request on February 12, 2024, and assigned the Request the tracking number FOIA-2024-01120.

24.     Defendant transmitted a letter to Mike Howell on February 13, 2024, addressing the Request.  *See* Letter from Douglas R. Hubbard to Mike Howell (Feb. 13, 2024) (Ex. 8) ("Acknowledgment Letter" or "Ack. Letter").

25.     The Acknowledgment Letter invoked unusual circumstances under 5 U.S.C. § 552 (a)(6)(B)(i)–(iii) (2018). "Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." Ack. Letter at 1.

26.     The Acknowledgment Letter was not a determination under FOIA.  *See, e.g.*, *Machado Amadis v. U.S. Dept' of State*, 971 F.3d 364, 372–73 (D.C. Cir. 2020); *Khine v. DHS*, 943 F.3d 959, 966–67 (D.C. Cir. 2019).

27.     The Department has not made a determination on the Request.

28.     The Acknowledgment Letter did not pass on the fee waiver request.

29.    Plaintiffs have not received any other communications since February 26, 2024.

30.    Thirty working days from February 12, 2024, is March 26, 2024.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
**Failure to Conduct Adequate Searches for Responsive Records**

31.    Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

32.    FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."   Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

33.    Plaintiffs properly requested records within the possession, custody, and control of Defendant.

34.    Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

35.    Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

36.    Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

37.    Plaintiffs have a statutory right to the information they seek.

38.    Defendant is in violation of FOIA.

39.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless

Defendant is compelled to comply with the law.

40.     Plaintiffs have no adequate remedy at law.

41.     Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

42.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

43.     FOIA requires all doubts to be resolved in favor of disclosure.   "Transparency in
government operations is a priority of th[e Biden] . . . Administration."   Attorney General,
*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act
Guidelines*, at 4 (Mar. 15, 2022).

44.     Plaintiffs properly requested records within the possession, custody, or control of
Defendant.

45.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any
non-exempt records and provide a lawful reason for withholding any records.

46.     Defendant is wrongfully withholding non-exempt records requested by Heritage
by failing to produce any records responsive to Plaintiffs' FOIA Request.

47.     Defendant is wrongfully withholding non-exempt-agency records requested by
Plaintiffs by failing to segregate exempt information in otherwise non-exempt records
responsive to Plaintiffs' FOIA Request.

48.     Defendant's failure to provide all non-exempt responsive records violates FOIA
and DOJ regulations.

49.     Plaintiffs have a statutory right to the information they seek.

50.     Defendant is in violation of FOIA.

51.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of

FOIA.   Plaintiffs are being denied information to which they are statutorily entitled and that is

important to carrying out Plaintiffs' functions as a non-partisan research and educational

institution and publisher of news.   Plaintiffs will continue to be irreparably harmed unless

Defendant is compelled to comply with the law.

52.     Plaintiffs have no adequate remedy at law.

53.     Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

54.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

55.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in

government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act*

*Guidelines*, at 4 (Mar. 15, 2022).

56.     Plaintiffs properly requested records within the possession, custody, or control of

Defendant.

57.     Defendant has constructively denied Plaintiffs' application for a fee waiver

pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. § 16.10(k).

58.     The Request does not have a commercial purpose because Heritage is a 501(c)(3)

nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information

sought does not further Plaintiffs' commercial interest.

59.     Plaintiffs are members of the news media as they "gather[] information of

potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw

materials into a distinct work, and distribute[] that work to an audience" via Heritage's major

news outlet, *The Daily Signal*.   5 U.S.C. § 552(a)(4)(a)(ii).

60.      Disclosure of the information sought by the Request also "is in the public interest

because it is likely to contribute significantly to public understanding of the operations or

activities of the government."   5 U.S.C. § 552(a)(4)(A)(iii).

61.      Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the

Request.   5 U.S.C. § 552(a)(4)(A)(viii)(I).

62.      Plaintiffs have a statutory right to a fee waiver.

63.      Defendant is in violation of FOIA by denying a fee waiver.

64.      Plaintiffs are being irreparably harmed by reason of Defendant's violation of

FOIA.   Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is

important to carrying out Plaintiffs' functions as a non-partisan research and educational

institution and publisher of news.   Plaintiffs will continue to be irreparably harmed unless

Defendant is compelled to comply with the law.

65.      Plaintiffs have no adequate remedy at law.

66.      Plaintiffs have constructively exhausted their administrative remedies.

### FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

67.      Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

68.      FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in

government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of*

*Information Act Guidelines*, at 4 (Mar. 15, 2022).

69.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

70.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Mike Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

71.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.   5 U.S.C. § 552(a)(4)(a)(ii).

72.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."   5 U.S.C. § 552(a)(4)(A)(iii).

73.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.   5 U.S.C. § 552(a)(4)(A)(viii)(I).

74.     Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.   Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

75.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.   Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

76.     Plaintiffs have no adequate remedy at law.  Plaintiffs have constructively exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

77.    Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

78.    FOIA requires all doubts to be resolved in favor of disclosure.   "Transparency in government operations is a priority of th[e Biden] . . . Administration."   Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

79.    Plaintiffs properly requested records within the possession, custody, or control of Defendant.

80.    Plaintiffs properly asked that DOJ expedite the processing of Plaintiffs' FOIA Request, based upon Plaintiffs' showing that the Request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity that affect public confidence."
28 C.F.R. § 16.5(e)(1)(iv).

81.    Defendant granted Plaintiffs' Application for Expedited Processing on February 26, 2024.  *See* Ack. Letter at 1.

82.    Defendant is in violation of FOIA.

83.    Defendant has failed to actually expedite the Request by processing it "as soon as possible." *Id.* at 1.

84.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be

irreparably harmed unless Defendant is compelled to comply with the law.

85.     Plaintiffs have no adequate remedy at law.

86.     Plaintiffs have exhausted all required administrative remedies with respect to

Defendant's failure to make a determination on Plaintiffs' request for expedition.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.     Enter a preliminary and permanent injunction compelling Defendant to process

Plaintiffs' FOIA Request on an actually expedited basis;

B.     Order Defendant to conduct a search or searches reasonably calculated to

uncover all records responsive to Plaintiffs' FOIA Request;

C.     Order Defendants to produce, within twenty days of the Court's order, or by

such other date as the Court deems appropriate, any and all non-exempt records responsive to

Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records

withheld in whole or in part under claim of exemption;

D.     Enjoin Defendants from continuing to withhold any and all non-exempt

records responsive to Plaintiffs' FOIA Requests;

E.     Retain jurisdiction over this matter as appropriate;

F.     Award Plaintiffs their costs and reasonable attorneys' fees in this action as

provided by 5 U.S.C. § 522(a)(4)(E); and

G.     Grant such other and further relief as this Court may deem just and proper.


Dated:  April 3, 2024                              Respectfully submitted,

                                                   /s/ Samuel Everett Dewey
                                                   SAMUEL EVERETT DEWEY
                                                   (No. 999979)
                                                   Chambers of Samuel Everett Dewey, LLC
                                                   Telephone:   (703) 261-4194

Email:  samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone:  (202) 608-6060
Email:  Kyle.Brosnan@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email:  neal@cornettlegal.com

MAX TAYLOR MATHEU
(No. 90019809)
Telephone:  (727) 249-5254
Email:  maxmatheu@outlook.com

*Counsel for Plaintiffs*