# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**HERITAGE FOUNDATION**,

**MIKE HOWELL**,

      *Plaintiffs,*

    v.

**U.S. DEPARTMENT OF JUSTICE**,
950 Pennsylvania Ave., N.W.
Washington, DC 20530

      *Defendant.*

Case No. 1:24-cv-00958-RCL

## ANSWER

Defendant, the United States Department of Justice ("Department" or "Defendant"), by and through its undersigned counsel, hereby answers the numbered paragraphs of the corrected Complaint of the Heritage Foundation and Mike Howell ("Plaintiffs"), ECF No. 2, as follows:

1. The first sentence of this paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required. With respect to the second sentence, admitted that Plaintiffs submitted a FOIA request attached as Exhibit 2 to Plaintiffs' corrected Complaint. Defendant respectfully refers the Court to Plaintiffs' FOIA request for a complete and accurate statement of its contents. With respect to the third and fourth sentences, admitted that Special Counsel Hur referenced Zwonitzer in his report; otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and respectfully refers the Court to Special Counsel Hur's report for a complete and accurate statement of its contents.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Denied.

1

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Admitted.

7. This paragraph consists of legal conclusions to which no response is required.

8. This paragraph consists of legal conclusions to which no response is required.

9. Admit that the Hur Report was the subject of media and congressional attention. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. Defendant admits that House Oversight and Accountability Committee Chairman James Comer and House Judiciary Committee Chairman Jim Jordan sent a letter dated February 12, 2024, to Attorney General Merrick Garland.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

11. Defendant admits only that House Oversight and Accountability Committee Chairman James Comer and House Judiciary Committee Chairman Jim Jordan sent a letter dated February 27, 2024, to Attorney General Merrick Garland. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.  Otherwise, denied.

12. With respect to the first sentence, admitted that Chairmen Jordan and Comer sent a letter dated March 9, 2024, to Attorney General Merrick Garland. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in second sentence.

13. With respect to the first sentence, Defendant admits that Special Counsel Hur testified about the Hur Report before the House Judiciary Committee on March 12, 2024. With respect to the second sentence, Defendant admits the Department produced to Congress a redacted

version of transcripts of interviews with President Biden on March 12, 2024; Defendant denies Plaintiffs' characterization that the transcripts were "heavily redacted," and Defendant respectfully refers the Court to the transcripts for a complete and accurate statement of their contents. With respect to the third sentence, admitted.

14. Admitted to the extent that House Oversight and Accountability Committee Chairman James Comer and House Judiciary Committee Chairman Jim Jordan sent a letter dated March 25, 2024, to Attorney General Merrick Garland. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents. Otherwise, denied.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. Admitted.

17. Admitted that Plaintiffs' FOIA request sought "[a]ll recordings, in any format whatsoever, of the interview of Mark Zwonitzer referenced in Special Counsel Robert K. Hur's Report." Defendant respectfully refers the Court to Plaintiffs' FOIA request for a complete and accurate statement of its contents.

18. Admitted that Plaintiffs' FOIA request included a request for a fee waiver. Defendant respectfully refers the Court to Plaintiffs' FOIA request for a complete and accurate statement of its contents.

19. Admitted that Plaintiffs' FOIA request stated: "Please produce responsive documents as soon as they become available." Defendant respectfully refers the Court to Plaintiffs' FOIA request for a complete and accurate statement of its contents.

20. Admitted that on February 22, 2024, Plaintiffs submitted a four-page letter requesting expedited processing of Plaintiffs' FOIA request. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

21. With respect to the first sentence, admitted that Plaintiffs' letter requesting expedited processing included a weblink but aver that an error message appears upon clicking the

link. Defendant respectfully refers the Court to Appendices A&B for a complete and accurate statement of their contents. The second sentence consists of legal conclusions to which no response is required.

22. Admitted that on February 26, 2024, the Department of Justice sent Plaintiffs a letter granting their request for expedited processing. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

23. Admitted.

24. Admitted.

25. Admitted.

26. This paragraph consists of legal conclusions to which no response is required.

27. This paragraph consists of legal conclusions to which no response is required.

28. This allegation is vague, and as a result Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. Admitted that Plaintiffs have not received any further communications from Defendant as it relates to FOIA-2024-01120 since February 26, 2024.

30. Admitted.

31. Defendant reasserts its response to the foregoing paragraphs as if fully stated herein.

32. The first sentence consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied. Admitted that a March 15, 2022 "Memorandum for Heads of Executive Departments and Agencies" signed by Attorney General Merrick Garland states: "Transparency in government operations is a priority of this Administration and this Department."

33. This paragraph consists of legal conclusions to which no response is required.

34. This paragraph consists of legal conclusions to which no response is required.

35. This paragraph consists of legal conclusions to which no response is required.

36. This paragraph consists of legal conclusions to which no response is required.

37. This paragraph consists of legal conclusions to which no response is required.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph consists of legal conclusions to which no response is required.

42. Defendant reasserts its response to the foregoing paragraphs as if fully stated herein.

43. The first sentence consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied. Admitted that a March 15, 2022 "Memorandum for Heads of Executive Departments and Agencies" signed by Attorney General Merrick Garland states: "Transparency in government operations is a priority of this Administration and this Department."

44. This paragraph consists of legal conclusions to which no response is required.

45. This paragraph consists of legal conclusions to which no response is required.

46. This paragraph consists of legal conclusions to which no response is required.

47. This paragraph consists of legal conclusions to which no response is required.

48. This paragraph consists of legal conclusions to which no response is required.

49. This paragraph consists of legal conclusions to which no response is required.

50. Denied.

51. Denied.

52. Denied.

53. This paragraph consists of legal conclusions to which no response is required.

54. Defendant reasserts its response to the foregoing paragraphs as if fully stated herein.

55. The first sentence consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied. Admitted that a March 15, 2022 "Memorandum for Heads of Executive Departments and Agencies" signed by Attorney General Merrick Garland

states: "Transparency in government operations is a priority of this Administration and this Department."

56. This paragraph consists of legal conclusions to which no response is required.

57. This paragraph consists of legal conclusions to which no response is required.

58. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

59. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

60. This paragraph consists of legal conclusions to which no response is required.

61. This paragraph consists of legal conclusions to which no response is required.

62. This paragraph consists of legal conclusions to which no response is required.

63. Denied.

64. Denied.

65. Denied.

66. This paragraph consists of legal conclusions to which no response is required.

67. Defendant reasserts its response to the foregoing paragraphs as if fully stated herein.

68. The first sentence consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied. Admitted that a March 15, 2022 "Memorandum for Heads of Executive Departments and Agencies" signed by Attorney General Merrick Garland states: "Transparency in government operations is a priority of this Administration and this Department."

69. This paragraph consists of legal conclusions to which no response is required.

70. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

71. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

72. This paragraph consists of legal conclusions to which no response is required.

73. This paragraph consists of legal conclusions to which no response is required.

74. This paragraph consists of legal conclusions to which no response is required.

75. Denied.

76. The first sentence is denied.  The second sentence consists of legal conclusions to which no response is required.

77. Defendant reasserts its response to the foregoing paragraphs as if fully stated herein.

78. The first sentence consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied. Admitted that a March 15, 2022 "Memorandum for Heads of Executive Departments and Agencies" signed by Attorney General Merrick Garland states: "Transparency in government operations is a priority of this Administration and this Department."

79. This paragraph consists of legal conclusions to which no response is required.

80. This paragraph consists of legal conclusions to which no response is required.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. This paragraph consists of legal conclusions to which no response is required.

The remainder of the corrected Complaint sets forth Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

Defendant further denies all allegations in the corrected Complaint not expressly admitted or denied.

## **DEFENSES**

1. Plaintiffs are not entitled to information that is exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

2. Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

DATED: May 13, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director

*/s/ Robert W. Meyer*
Robert W. Meyer (NY Bar No. 5942842)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11105
Washington, D.C. 20005
Telephone: (202) 305-0872
Robert.W.Meyer@usdoj.gov

*Counsel for the Defendant*