IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HERITAGE FOUNDATION,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> *Defendant.* | Case No. 1:24-cv-00958-ACR |

**REQUEST FOR A PRE-MOTION CONFERENCE**

Defendant, the United States Department of Justice, pursuant to the Court's Standing Order ¶ 7.1, respectfully requests that the Court schedule a pre-motion conference.

This case under Freedom of Information Act ("FOIA") concerns two law enforcement records: the audio recordings of Special Counsel Robert Hur's two interviews of Mark Zwonitzer, an author and biographer for President Biden.  These records were created as part of Special Counsel Hur's investigation into the possible unauthorized removal and retention of classified documents at various locations associated with President Biden.  As part of the investigation, Zwonitzer voluntarily agreed to sit for two interviews with the Special Counsel's Office ("SCO"), and SCO made both audio recordings and transcripts of the two interviews.  At the end of the investigation, and pursuant to the Department's special counsel regulation, Mr. Hur submitted a confidential report to Attorney General Garland explaining his prosecution and declination decisions.  The Report conveyed both Mr. Hur's conclusion that "no criminal charges are warranted,"[1] Hur Report, at 1, and extensive discussion of the investigation and the bases for the decisions he reached, *see generally id.*  The Department produced a copy of the Hur Report to Congress and placed it on the Department's public-facing website without any further redactions or modifications.  The Department also produced to Congress and released to the public redacted copies of the transcripts of

---

[1] The Hur Report is available at: *https://www.justice.gov/sco-hur.*

both President Biden's and Mr. Zwonitzer's interviews with SCO.

In this FOIA lawsuit, Plaintiffs have requested the audio recordings of Mr. Zwonitzer's two voluntary interviews with SCO. *See* ECF No. 2, ¶ 17. The audio recordings are fully exempt from disclosure under FOIA Exemptions 5, 6, 7(C), and 7(A).[2] Since no genuine dispute exists to any material fact, the Department intends to move for summary judgment pursuant to Federal Rules of Civil Procedure 56.[3]

In its summary judgment briefing, the Department anticipates it will present the following arguments. First, the recordings are exempt in full under Exemption 5, which "incorporates the privileges available to Government agencies in civil litigation," *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021), including "qualified" privileges that otherwise could be overcome in civil litigation by a showing of need, *FTC v. Grolier, Inc.*, 462 U.S. 19, 27 (1983). Two privileges justify withholding the recordings here: executive privilege and the attorney work product doctrine. Turning to executive privilege, Attorney General Garland determined that release of the audio poses an unacceptable risk of impairing cooperation in future high-profile investigations because the audio's disclosure could make witnesses less likely to cooperate with the Department's investigatory efforts, including by refusing to sit for recorded interviews. For the reasons that the Attorney General articulated in a letter sent to President Biden on May 15, 2024, the Attorney General requested that the President assert executive privilege over the audio recordings in response to a congressional request for the records. On May 16, 2024, the President did so. Exemption 5 thus covers the audio recordings.

---

[2] Exemptions 5, 6, 7(A), and 7(C) all have threshold requirements: Exemption 5 requires that the records be "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5); Exemption 6 requires that the records be "personnel and medical files and similar files," *id.* § 552(b)(6); and Exemptions 7(A) and 7(C) require that the records be "compiled for law enforcement purposes," *id.* § 552(b)(7). The audio recordings meet these threshold requirements.

[3] The Department is litigating three consolidated FOIA cases in another court in this District over the Department's withholding of the audio recordings of President Biden's interviews with SCO. *See Judicial Watch v. Dep't of Just.*, No. 24-cv-00700-TJK. The Department filed its motion for summary judgment on May 31, *see* ECF No. 34, Plaintiffs in that matter filed their responses on June 21, *see* ECF Nos. 35, 37, and 39, and briefing will be complete on July 29, *see* Minute Order (May 5, 2024).

The audio recordings are also exempt under Exemption 5 as protected attorney work product. "The work-product doctrine protects materials 'prepared in anticipation of litigation or for trial by or for another party or its representative.'" *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 926 F. Supp. 2d 121, 137 (D.D.C. 2013). The recordings meet this standard because they memorialize a witness interview, carried out during a criminal investigation, that was constructed and thought out by prosecutors. S*ee, e.g.*, *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425 (D.D.C. 2014) ("[C]ourts in this district have held substantially verbatim witness statements contained in interview memoranda . . . to be 'fact' rather than 'opinion' work-product."); *Carrasco v. Campagna*, 2007 WL 81909, at *3 (N.D. Cal. Jan. 9, 2007) ("[T]he recordings or transcripts at issue . . . meet the requirements of work product under Rule 26(b)(3)[.]").

Next, disclosure of the audio recordings would be an unwarranted invasion of Mr. Zwonitzer's personal privacy, exempting the recordings under Exemptions 6 and 7(C). These exemptions require the agency to balance the individual's privacy rights against the public interest in disclosure. *See Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). Here, Mr. Zwonitzer's individual privacy rights are at their zenith: individuals investigated but not charged with a crime have a "distinct privacy interest in the contents of the investigative files." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1092 (D.C. Cir. 2014) (*CREW*) (emphasis removed). In fact, "'where individuals have been investigated but not charged with a crime,' disclosure of material properly exempt under Exemption 7(C) 'represents a severe intrusion on the privacy interests of the individual[] in question.'" *Judicial Watch v. National Archives and Records Administration*, 876 F.3d 346, 349 (D.C. Cir. 2017).

On the other side of the balance, the public interest served by the audio's release are minimal. The public's interest in the activities of Special Counsel Hur – the "only relevant public interest in the FOIA balancing analysis," *CREW*, 746 F.3d at 1093 (cleaned up) – would not be served by disclosure here. Moreover, the voluminous information already available to the public – Special Counsel Hur's unredacted report; the written transcript of Mr. Hur's interview with President Biden himself; and the unredacted portions of the transcripts of Mr. Zwonitzer's interview –

3

more than adequately meet whatever public interest might be served by the audio's release. Indeed, two binding cases have already applied these principles to affirm the withholding of sensitive, law-enforcement records concerning unindicted individuals interviewed as part of a high-profile investigation. *See Judicial Watch*, 876 F.3d at 350 (withholding draft indictment of Hilary Clinton); *Electronic Privacy Information Center v. U.S. Department of Justice*, 18 F.4th 712, 722 (D.C. Cir. 2021) (withholding passages in the Mueller report that would have revealed "additional facts about individuals that are not disclosed elsewhere and that would be highly stigmatizing").

Finally, the audio recordings are exempt under Exemption 7(A) because their disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). As Attorney General Garland explained when he requested that President Biden assert executive privilege over the audio recordings, disclosing the recordings poses an unacceptable risk of impairing cooperation in future high-profile investigations because disclosure of the audio could make witnesses less likely to cooperate with the Department's investigatory efforts, including by refusing to sit for recorded interviews. And separate from Attorney General Garland's concern about future investigations, the Department is aware of current, ongoing investigations in which the Department believes that release of the audio recordings could chill witness participation. Release of the audio thus could reasonably be expected to interfere with enforcement proceedings, and so Exemption 7(A) applies.[4]

The Department also intends to argue that disclosure of the audio recordings would foreseeably harm the interests protected by the relevant FOIA exemptions, and that the Department has met its obligation to segregate exempt information from non-exempt information.

---

[4] The Department also intends to argue that to the extent the Court finds that the audio recordings are not exempt in full – which it should not – other exemptions would apply to certain portions of the recordings, including Exemption 3 (which exempts records specially exempted from disclosure by statute); Exemption 6 (which exempts certain records that would impermissibly infringe personal privacy); Exemption 7(C) (which exempts law enforcement records that would impermissibly infringe personal privacy); Exemption 7(E) (which exempts law enforcement records concerning law enforcement techniques/procedures) and 7(F) (which exempts law enforcement records that, if revealed, could endanger the life or physical safety of any individual).

|  |  |
|---|---|
| DATED:  June 27, 2024 | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
|  | ELIZABETH J. SHAPIRO<br>Deputy Director |
|  | /s/ Robert W. Meyer<br>ROBERT W. MEYER (NY Bar No. 5942842)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W., Room 11105<br>Washington, D.C. 20005<br>Telephone: (202) 305-0872<br>Robert.W.Meyer@usdoj.gov<br>*Counsel for the Defendant* |